IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

WALLACE E. HARDEN,                  :
                                    :
        Plaintiff,                  :
                                    :
    v.                              :   Civil Action No. 04-1392-JJF
                                    :
RUTH ANN MINNER, et al.,            :
                                    :
        Defendants.                 :

Wallace E. Harden, Pro Se Plaintiff.

# MEMORANDUM OPINION

February 7, 2006
Wilmington, Delaware

Farnan, District Judge.

Plaintiff, Wallace E. Harden, a pro se litigant who is presently incarcerated at the Delaware Correctional Center in Smyrna, Delaware, has filed this action pursuant to 42 U.S.C. § 1983. For the reasons discussed, Plaintiff's Complaint will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

I. STANDARD OF REVIEW

Reviewing complaints filed pursuant to 28 U.S.C. § 1915 is a two-step process. First, the Court must determine whether the plaintiff is eligible for pauper status pursuant to 28 U.S.C. § 1915. In this case, the Court granted Plaintiff leave to proceed in forma pauperis and did not assess an initial partial filing fee. Plaintiff filed the required form authorizing the payment of fees from his prison account.

Once Plaintiff's eligibility for pauper status has been determined, the Court must "screen" the Complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).[1] If the Court finds that

---

[1] These two statutes work in conjunction. Section 1915(e)(2)(B) authorizes the court to dismiss an in forma pauperis complaint at any time, if the court finds the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune

1

Plaintiff's Complaint falls under any one of the exclusions listed in the statutes, then the Court must dismiss the Complaint.

When reviewing complaints pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), the Court must apply the standard of review set forth in Fed. R. Civ. P. 12(b)(6). See Neal v. Pennsylvania Bd. of Prob. & Parole, No. 96-7923, 1997 WL 338838 (E.D. Pa. June 19, 1997)(applying Rule 12(b)(6) standard as the appropriate standard for dismissing claim under § 1915A). Accordingly, the Court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996). Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1976)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

The United States Supreme Court has held that the term "frivolous" as used in Section 1915(e)(2)(B) "embraces not only

---

from such relief. Section 1915A(a) requires the court to screen prisoner in forma pauperis complaints seeking redress from governmental entities, officers, or employees before docketing, if feasible, and to dismiss those complaints falling under the categories listed in § 1915A(b)(1).

the inarguable legal conclusion, but also the fanciful factual allegation." Neitzke v. Williams, 490 U.S. 319, 325 (1989).[2] Consequently, a claim is frivolous within the meaning of Section 1915(e)(2)(B) if it "lacks an arguable basis either in law or in fact." Id.

**II. DISCUSSION**

By his Complaint, Plaintiff alleges that Defendants violated his rights under the First Amendment by dismissing him from his prison job in retaliation for filing grievances against a correctional officer. (D.I. 3 at 2.) Plaintiff also alleges that Defendants conspired in that retaliation. (D.I. 3 at 2; D.I. 12.)

In order to state a claim for retaliation in violation of First Amendment rights, a plaintiff must allege "(1) constitutionally protected conduct, (2) an adverse action by prison officials sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the exercise of his constitutional rights and the adverse action taken against him." Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003) (internal quotes and citations

---

[2]Neitzke applied § 1915(d) prior to the enactment of the Prisoner Litigation Reform Act of 1995 (PLRA). Section 1915(e)(2)(B) is the re-designation of the former § 1915(d) under PLRA. Therefore, cases addressing the meaning of frivolous under the prior section remain applicable. See § 804 of the PLRA, Pub.L.No. 14-134, 110 Stat. 1321 (April 26, 1996).

omitted). In addition, this Court has required that a plaintiff allege that "the 'retaliatory' action does not advance legitimate penological goals such as preserving institutional order and discipline." <u>Abdul-Akbar v. Department of Corrections</u>, 910 F.Supp. 986, 1000-01 (D. Del. 1995). Here, Plaintiff has not alleged that his dismissal from his prison job did not advance legitimate penological goals. Accordingly, the Court will dismiss Plaintiff's Complaint (D.I. 1) without prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), for failure to state a claim upon which relief may be granted.

    An appropriate order will be entered.