IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WALLACE HARDEN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 04-1392-JJF |
| | : | |
| MICHAEL KNIGHT and | : | |
| CHRISTOPHER KLEIN, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM ORDER

Pending before the Court are Plaintiff's Motion For
Appointment of Counsel (D.I. 45), Plaintiff's renewed Request For
Appointment Of Counsel (D.I. 50 ¶¶ 13-20), and Plaintiff's Motion
To Amend The Complaint (D.I. 50 ¶¶ 5-11). Plaintiff submitted
the latter two Motions with his Proposed Pretrial Order. (D.I.
50.) Also pending before the Court is Defendants' Motion For
Summary Judgment (D.I. 43), to which Plaintiff has not yet
responded. For the reasons discussed, Plaintiff's Motions will
be denied, and Plaintiff will be ordered to provide a response to
Defendants' Motion For Summary Judgment

## I.   BACKGROUND

Plaintiff Wallace Harden ("Plaintiff"), an inmate at the
Delaware Correctional Center ("DCC"), filed this civil rights
action pursuant to 42 U.S.C. § 1983. He appears pro se and was
granted in forma pauperis status pursuant to 28 U.S.C. § 1915.
(D.I. 8.) Mr. Harden alleges that Defendants violated his First
Amendment rights under the U.S. Constitution when he was

discharged from his employment in the DCC kitchen in retaliation
for filing grievances against Sgt. Phyllis Helper, Mr. Harden's
supervisor in the DCC kitchen.

## II. DISCUSSION

### A. Mr. Harden's Request To Amend His Complaint

Though a Scheduling Order (D.I. 42) is in place, that Order
does not set a deadline for amendments to pleadings. As such,
Mr. Harden's Motion to amend his complaint is governed by Federal
Rule of Civil Procedure 15(a).

After amending once or after an answer has been filed, the
plaintiff may amend only with leave of court or the written
consent of the opposing party, but "'leave shall be freely given
when justice so requires.'" Shane v. Fauver, 213 F.3d 113, 115
(3d Cir. 2000) (quoting Fed. R. Civ. P. 15(a)). The Third
Circuit has adopted a liberal approach to the amendment of
pleadings to ensure that "a particular claim will be decided on
the merits rather than on technicalities." Dole v. Arco Chem.
Co., 921 F.2d 484, 486-87 (3d Cir. 1990) (citations omitted).
Amendment, however, is not automatic. See Dover Steel Co., Inc.
v. Hartford Accident and Indem., 151 F.R.D. 570, 574 (E.D. Pa.
1993). Leave to amend should be granted absent a showing of
"undue delay, bad faith or dilatory motive on the part of the
movant, repeated failure to cure deficiencies by amendments
previously allowed, undue prejudice to the opposing party by

2

virtue of the allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962); Oran v. Stafford, 226 F.3d 275, 291 (3d Cir. 2000).

Here, Mr. Harden, in his Proposed Pretrial Order, moved to amend his Complaint to allege a claim under the American's with Disabilities Act, 42 U.S.C. §§ 12102(2) and 12112. (See D.I. 50 ¶¶ 5-11.) Mr. Harden first asserted these claims in his Amended Complaint (D.I. 15), and the Court dismissed them as frivolous and without prejudice because they did not state a claim upon which relief could be granted. (D.I. 16 at 7-8.) By his Motion For Leave To Amend, Mr. Harden reasserts these claims with more facts. However, this request to amend comes more than two-and-one-half years after Defendants' Amended Answer. (D.I. 23.) Furthermore, the factual basis for Mr. Harden's proposed amendment appears to be a "mental health issue" that was allegedly diagnosed during an evaluation performed at the request of the DCC subsequent to his discharge from employment, but prior to Defendant Klein's denial of Mr. Harden's request to have his employment reinstated. (D.I. 50 at ¶ 6; D.I. 44, Exh. B1.) Thus, although Mr. Harden claims to not have access to the prison's mental health evaluation, Mr. Harden knew about his examination long before initiating this lawsuit. Mr. Harden has not identified any additional facts or information that, subsequent to his examination, were brought to his attention and

warrant the conclusion that Mr. Harden's delay in requesting amendment was justified.

Furthermore, discovery closed on December 31, 2008, and on February 27, 2009, Defendants moved for summary judgment. In the Court's view, at this late stage in the proceedings, Mr. Harden's proposed amendment would unduly prejudice the Defendants. Accordingly, given this prejudice and Mr. Harden's undue delay, the Court will deny Mr. Harden's request for leave to amend his complaint.

## B.   Mr. Harden's Motions To Appoint Counsel

A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel. See Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981); Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). It is within the Court's discretion to seek representation by counsel for plaintiff, and this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting . . . from [plaintiff's] probably inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); accord Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993) (representation by counsel may be appropriate under certain

4

circumstances after a finding that plaintiff's claim has arguable merit in fact and law).

After passing this threshold inquiry, the Court should consider a number of factors when assessing a request for counsel, including: (1) Plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of Plaintiff to pursue investigation; (4) Plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. Tabron, 6 F.3d at 155-57; accord Parham, 126 F.3d at 457; Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002).

By his Motions, Mr. Harden contends that the Court should grant his request for counsel based on the following factors: (1) Mr. Harden does not have the ability to present his own case; (2) Mr. Harden is unskilled in the law and the complexity of the legal issues presented in the complaint is beyond his abilities to pursue an effective investigation; (3) Mr. Harden's case may turn on credibility determinations; (4) Mr. Harden's case will require testimony of expert witnesses; (5) Mr. Harden cannot obtain or afford counsel on his own behalf; and (6) the Court's appointment of counsel would serve the interests of justice. (D.I. 45.)

Mr. Harden is unable to afford counsel and has been given leave to proceed in forma pauperis. This status notwithstanding, the Court finds that appointment of counsel is not warranted at this time. Under the first Tabron factor, the Court "generally should consider the plaintiff's education, literacy, prior work experience, and prior litigation experience." Tabron, 6 F.3d at 156. The Court finds that Mr. Harden has demonstrated an ability to present his case, having set forth the facts and allegations of his action clearly, as demonstrated by his filings throughout this case, including his amended pleadings (see, e.g., D.I. 12; D.I. 15), discovery request (D.I. 39), and Proposed Pretrial Order (D.I. 50). Furthermore, the Court finds that the legal issues presented by the Amended Complaint are not particularly complex, and notes that Mr. Harden has not alleged or adduced any evidence that would indicate complexity of the legal issues. As such, the Court also does not foresee any need for expert witness testimony. Indeed, Mr. Harden's claim is centered around the straight forward issue of whether his employment discharge from the DCC kitchen was retaliatory or for legitimate penological reasons. Mr. Harden's Amended Complaint lucidly explained this issue and identified pertinent caselaw, demonstrating again that Mr. Harden can investigate and prepare his own case. In this regard, Mr. Harden has not alleged that he has been denied access to the DCC law library or had his privileges limited in such a

way that he would be hindered from proceeding pro se.
Accordingly, the Court finds that the Tabron factors do not weigh
in favor of granting Mr. Harden's request for counsel at this
time.

## C.   Defendants' Motion For Summary Judgment

On February 27, 2009, Defendants filed a Motion for Summary
Judgment (D.I. 43).  Mr. Harden's Answering Brief to the Motion
for Summary Judgement was due on March 16, 2009.  (D.I. 44.)
However, he has not yet responded to Defendants' Motion.

**Therefore, the Court orders Mr. Harden to file an Answering Brief
to the Motion for Summary Judgment (D.I. 43) no later than
September 4, 2009**.  If Mr. Harden does not file an Answering
Brief by the date indicated, the Court will decide the Motion on
the papers submitted.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED this 19th day of August,
2009, that:

(1)   Plaintiff's Motion To Amend The Complaint (D.I. 50 ¶¶
      5-11) is **DENIED**.

(2)   Plaintiff's Motions For Appointment Of Counsel (D.I.
      45; D.I. 50 ¶¶ 13-20) are **DENIED**.

(3)   Plaintiff shall file an Answering Brief to Defendant's
      Motion for Summary Judgment (D.I. 43) by **September 4,
      2009.**  If an Answering Brief is not filed by the date

indicated, the Court will decide the Motion on the

papers submitted.

_____
UNITED STATES DISTRICT JUDGE